**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, | ) |
| Plaintiff, | ) Case No. 12-cv-00377 |
| v. | ) |
| DOES 1-100 and DOES 101-500, | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff Deckers Outdoor Corporation, ("Deckers") hereby brings the present action against Defendants DOES 1-100 identified on Schedule "A" attached hereto and Does 102-500 (collectively "Defendants"), and alleges as follows:

**I. JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a), (b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly

targets business activities toward consumers in Illinois and causes harm to Deckers' business within this Judicial District. Through at least the fully interactive commercial Internet websites operating under the domain names identified in Schedule A attached hereto (collectively the "Defendant Domain Names"), each of the Defendants has targeted and solicited sales from Illinois residents by operating English language websites that offer shipping to Illinois, accepts payment in U.S. dollars and, on information and belief, has sold counterfeit UGG products to residents of Illinois. Each of the Defendants is committing tortuous acts in Illinois, is engaging in interstate commerce and has wrongfully caused Deckers substantial injury in the State of Illinois.

## II. INTRODUCTION

3.This action is substantially similar to *Deckers Outdoor Corporation v. Does 1-55*, et al., 11 Civ. 10 (N.D. Ill. 2011) and *Deckers Outdoor Corporation v.* Liyanghua et al., No.11 Civ. 7970 (N.D. Ill. 2011) and has been filed by Deckers to combat the continued unlawful use of the Defendant Domain Names which trade upon Deckers' reputation and goodwill to sell and/or offer for sale unlicensed and counterfeit products featuring Deckers' UGG trademark. Through such actions, Deckers has been and is irreparably damaged through consumer confusion, dilution and tarnishment of its valuable trademark and is seeking injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff**

4.The Plaintiff Deckers is famous throughout the United States and elsewhere as a source of high quality footwear products, including the UGG® brand of premium sheepskin footwear. Deckers' UGG products are distributed and sold to consumers through retailers throughout the United States, including through over 100 authorized retailers in Illinois, the

uggaustralia.com website and UGG Concept Stores, including a Concept Store located at 909 North Rush Street in Chicago, Illinois.

5. Since acquiring the UGG trademark and the goodwill of the business in 1995, Deckers has continuously sold footwear and clothing under the UGG trademark (the "UGG Trademark"). Deckers has built substantial goodwill in the UGG Trademark. The UGG Trademark is famous and a valuable asset of Deckers.

6. Deckers holds registrations for the UGG Trademark (and stylized variations) in more than 100 countries around the world including U.S. Trademark Registration No. 3,050,925. The UGG Trademark has been used continuously since as early as 1979 by Deckers and its predecessors in interest. A true and correct copy of the United States registration No. 3,050,925 is attached hereto as Exhibit 1. The registration is valid and subsisting.

7. The UGG Trademark is distinctive when applied to high quality apparel, footwear and related merchandise, signifying to the purchaser that the products come from Deckers and are manufactured to the highest quality standards. Whether Deckers manufactures the products itself, or licenses others to do it, Deckers has insured that products bearing its trademarks are manufactured to the highest quality standards. Deckers' products branded under the UGG Trademark have been widely accepted by the public and are enormously popular, as demonstrated by hundreds of millions of dollars in sales each year. The UGG Trademark is a famous mark.

**The Defendants**

8. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement legal systems. Defendants conduct business throughout the United States, including

within the State of Illinois and this Judicial District, through the operation of the fully interactive commercial websites operating under the Defendant Domain Names identified in Schedule A attached hereto. Each Defendant targets Illinois residents and has offered to sell, and on information and belief, has sold and continue to sell his/her products to consumers within the State of Illinois.

9. On information and belief, Defendants are an interrelated group of counterfeiters acting in active concert or copying from each other and are knowingly and willfully manufacturing, importing, distributing, offering for sale and selling products bearing counterfeit versions of the UGG Trademark to Illinois residents. Defendants are directly and personally contributing to, inducing and engaging in the sale of counterfeit UGG products as alleged herein, and on information and belief, often times as partners, coconspirators and/or suppliers in the same transaction, occurrence, or series of transactions or occurrences. The counterfeit products for sale on the Defendant Domain Names bear similar irregularities and indicia of being counterfeit to one another, indicating that the counterfeit products were manufactured by and come from a common source and that Defendants are interrelated. In addition, the websites linked to Defendant Domain Names include multiple similarities, such as the same page layout, text and copyright protected images copied from Deckers' uggaustralia.com website.

10. On information and belief, Defendants use multiple fictitious names and addresses to register domain names. Many of Defendants' names used to register the Defendant Domain Names are incomplete, randomly typed letters, contain street addresses with no cities or states listed or use a privacy service. On information and belief, many of the aliases used to register the Defendant Domain Names are used by the same individual or entity. On information and belief, Defendants will continue to register new domain names, using the identities listed in

Schedule A, as well as other unknown fictitious names and addresses, for the purpose of selling counterfeit UGG products unless preliminarily and permanently enjoined. However, Defendants use at least the aliases identified on Schedule A and the Defendant Domain Names to conduct their businesses.

### IV. DEFENDANTS' UNLAWFUL CONDUCT

11. Defendants engage in the offering for sale and the sale of counterfeit and infringing UGG branded products bearing the UGG Trademark within this Judicial District through multiple fully interactive commercial websites operating under at least the Defendant Domain Names. Defendants, upon information and belief, also operate additional websites which promote and offer for sale counterfeit and infringing goods under domain names not yet known to Deckers. Defendants have purposefully directed their illegal activities toward the United States and consumers in the State of Illinois through the advertisement, offer for sale, and sale of counterfeit UGG branded goods into this State.

12. Defendants, without any authorization or license from Deckers, have knowingly and willfully used, and continue to use Deckers' UGG Trademark in connection with the advertisement, offer for sale, and sale of counterfeit UGG branded products into the United States and Illinois over the Internet. Each of Defendants' websites offers shipping to Illinois residents and, on information and belief, each Defendant has sold counterfeit UGG products into Illinois.

13. Defendants facilitate sales by designing their websites so that they appear to unknowing consumers to be authorized online retailers selling genuine UGG branded products. The websites are sophisticated-looking, written in English, and accept payment in U.S. dollars.

14. Many of the Defendant Domain Names incorporate Deckers' UGG Trademark and many include Deckers' copyright-protected images and product descriptions, making it very difficult for a consumer to distinguish such infringing counterfeit sites from an authorized retailer.

15. The websites at the Defendant Domain Names each accept payment via credit card and/or PayPal and ship the counterfeit products via the U.S. postal service in small quantities to minimize detection by U.S. Customs and Border Protection.

16. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard® and PayPal® logos.

17. Defendants' use of the UGG Trademark in connection with the advertising, distribution, offering for sale and sale of counterfeit UGG products, including the sale of counterfeit UGG products into Illinois, is likely to cause and has caused confusion, mistake and deception by and among consumers and is irrevocably harming Deckers.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

18. Deckers re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 17.

19. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered UGG Trademark, in connection with the sale, offer for sale, distribution, and/or advertising of infringing goods. The UGG Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Deckers' products sold or marketed under the UGG Trademark.

20. Defendants, have sold, offered to sell, distributed and advertised, and are still selling, offering to sell, distributing, and advertising footwear bearing counterfeit reproductions of the UGG Trademark without Deckers' consent.

21. Upon information and belief, Defendants have knowledge of Deckers' rights in the UGG Trademark. Defendants' unauthorized uses of the UGG Trademark are likely to cause and are causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

22. Defendants' illegal actions constitute trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

23. Deckers has no adequate remedy at law, and if Defendants' actions are not enjoined, Deckers will continue to suffer irreparable harm to its reputation and the goodwill of its well-known UGG Trademark.

24. The injuries and damages sustained by Deckers have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit UGG products.

### COUNT II
### FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

25. Deckers hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 24.

26. Defendants' counterfeit products are of the same nature and type, and look virtually identical to Deckers' UGG products, but Defendants' counterfeit products are not of the same quality as Deckers' UGG products. The similarity in the nature, type and overall look of the products has created and is still creating a likelihood of confusion, mistake, and deception

among the general public as to the affiliation or sponsorship of Defendants' counterfeit products with Deckers' genuine UGG products.

27. By using Deckers' UGG Trademark on the counterfeit products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit products.

28. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit products to the general public is a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

29. Deckers has no adequate remedy at law and, if Defendants' actions are not enjoined, Deckers will continue to suffer irreparable harm to reputation and the goodwill of its brand.

## COUNT III
## CLAIM FOR INJUNCTIVE RELIEF UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))

30. Deckers hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 29.

31. Deckers is the exclusive owner of the UGG Trademark. The UGG Trademark registration (Exhibit 1) is in full force and effect. Additionally, the UGG Trademark is a famous mark pursuant to 15 U.S.C. § 1125 and was famous before and at the time of the registration of the Defendant Domain Names.

32. Upon information and belief, Defendants have acted with the bad faith intent to profit from the unauthorized use of the UGG Trademark and the goodwill associated therewith by registering various domain names which are identical or confusingly similar to or dilutive of the UGG Trademark.

33. Defendants have no intellectual property rights in or to the UGG Trademark.

34. Defendants' actions constitute cyberpiracy in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

35. Deckers has no adequate remedy at law, and the registration and use of the Defendant Domain Names has caused, is causing, and is likely to continue to cause, substantial and irreparable injury to the public and to Deckers.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, et seq.)

36. Deckers hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 35.

37. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their products as those of Deckers, causing a likelihood of confusion and/or misunderstanding as to the source of their own goods, causing a likelihood of confusion and/or misunderstanding as to affiliation, connection, or association with Deckers' products, representing that their products have Deckers' approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

38. The foregoing Defendants' acts constitute a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510 et seq.

39. Deckers has no adequate remedy at law, and Defendants' conduct has caused Deckers to suffer damage to its reputation, and goodwill. Unless enjoined by the Court, Deckers will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

# PRAYER FOR RELIEF

WHEREFORE, Deckers prays for judgment against Defendants as follows:

1) That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

   a. using Deckers' UGG Trademark or any reproductions, counterfeit copy or colorable imitation thereof in any manner in connection with the distribution, advertising, offering for sale, or sale of any product that is not a genuine Deckers' UGG branded product or not authorized by Deckers to be sold in connection with Deckers' UGG Trademark;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine UGG branded product or any other product produced by Deckers, that are not Deckers' or not produced under the authorization, control or supervision of Deckers and approved by Deckers for sale under Deckers' UGG Trademark;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Deckers, or sponsored or approved by, or connected with Deckers;

   d. further infringing Deckers' UGG Trademark and damaging Deckers' goodwill;

   e. otherwise competing unfairly with Deckers in any manner;

   f. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Deckers, nor authorized by Deckers to be sold

  or offered for sale, and which bear any Deckers' UGG Trademark or any reproductions, counterfeit copy or colorable imitation thereof;

 g. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Domain Names or any other domain name that is being used to sell counterfeit UGG products; and

 h. operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, advertising, offering for sale, or sale of any product that is not a genuine Deckers' UGG branded product or not authorized by Deckers to be sold in connection with Deckers' UGG Trademark; and

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Deckers a written report under oath setting forth in detail the manner in which Defendants have complied with paragraph 1, a through h, supra;

3) Entry of an Order that the domain name registries for the Defendant Domain Names, namely VeriSign, Inc., Neustar, Inc., Afilias Limited and the Public Interest Registry, shall change the registrar of record for the Defendant Domain Names to MarkMonitor or a registrar of Deckers' selection until further order by this Court, and that the domain name registrars take any steps necessary to transfer the Defendant Domain Names to MarkMonitor or a registrar of Deckers' selection until further order by this Court.

4) Entry of an Order that, upon Deckers' request, those in privity with Defendants and those with notice of the injunction, including any Internet search engines, Web hosts, domain-name registrars and domain name registries that are provided with notice of the injunction, cease

facilitating access to any and all websites through which Defendants engage in the sale of counterfeit and infringing goods using the UGG Trademark;

5) That Defendants account for and pay to Deckers all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that the amount of damages for infringement of Deckers' UGG Trademark be increased by a sum not exceeding three times the amount thereof as provided by law;

6) In the alternative, that Deckers be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of Deckers' UGG Trademark and $100,000 per domain name pursuant to 15 U.S.C. § 1117(d);

7) That Deckers be awarded reasonable attorneys' fees; and

8) Award any and all other relief that this Court deems just and proper.

Dated this 18th day of January 2012.

                Respectfully submitted,

                __/s/ Justin R. Gaudio_____
                Kevin W. Guynn
                Amy Ziegler
                Justin R. Gaudio
                Greer, Burns & Crain, Ltd.
                300 South Wacker Drive
                Suite 2500
                Chicago, Illinois 60606
                312.360.0080
                312.360.9315 (facsimile)
                kguynn@gbclaw.net
                aziegler@gbclaw.net
                jgaudio@gbclaw.net