IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, | ) |
| | ) Case No. 12-cv-00377 |
| Plaintiff, | ) |
| | ) **Honorable Ronald A. Guzman** |
| v. | ) |
| | ) **Magistrate Sheila M. Finnegan** |
| DOES 1-100 and DOES 101-500, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF DECKERS OUTDOOR
CORPORATION'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff submits this Memorandum in support of its Motion for Entry of a Preliminary Injunction.

# MEMORANDUM OF LAW

## I. INTRODUCTION

Plaintiff Deckers Outdoor Corporation ("Deckers") brings the present action against all Defendants identified in "Schedule A" attached to the Complaint (collectively the "Defendants"), for federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), cyberpiracy (Count III) and violation of the Illinois Uniform Trade Practices Act (Count IV). As alleged in Deckers' Complaint, the Defendants are promoting, advertising, distributing, offering for sale and selling products bearing counterfeits of Deckers' UGG® Trademark, through various fully interactive commercial Internet websites operating under at least the domain names listed in Schedule A attached to the Complaint (collectively the "Defendant Domain Names").

## II. STATEMENT OF FACTS

On January 27, 2012, this Court granted Deckers' Motion for a Temporary Restraining Order ("the TRO" - Docket Entry 14). The TRO authorized Deckers to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronic mail at the e-mail addresses identified in Schedule A to Deckers' Complaint and electronic publication at the Defendant Domain Names which have been transferred to Deckers' control. *Id*. at ¶ 8. Since and pursuant to entry of the TRO, dozens of PayPal accounts associated with Defendants' websites have been frozen. *See* Declaration of Justin R. Gaudio (hereinafter "Gaudio Declaration" at ¶ 2). In addition, Deckers has served the TRO on the relevant domain name registries requesting transfer of the Defendant Domain Names. *Id*. Deckers respectfully requests that this Court convert the TRO into a preliminary injunction against Defendants so that they remain enjoined from the manufacture, importation, distribution, offer for sale, and sale of products bearing counterfeits of the UGG® Trademark during the pendency of this litigation. As

1

part of the Preliminary Injunction, Deckers requests that the Defendant Domain Names remain in Deckers' control and that Defendant's PayPal accounts remain frozen until completion of these proceedings. .

### III. ARGUMENT

#### a) A Preliminary Injunction Extending Relief Already Granted in the TRO is Appropriate

Deckers respectfully requests that this Court convert the TRO into a preliminary injunction to prevent further illegal conduct by Defendants. Courts addressing similar allegations of Internet-based counterfeiting have also issued preliminary injunctions following a Temporary Restraining Order. *See, e.g. Deckers Outdoor Corporation v.* Liyanghua et al., No.11 Civ. 7970 (N.D. Ill. 2011); *Deckers Outdoor Corporation v. Does 1-55,* No. 11 Civ. 10, Docket No. 38 (N.D. Ill. 2011); *Tory Burch, LLC., et al. v. Yong Sheng Int'l Trade Co., LTD,* No. 10 Civ. 9336 (S.D.N.Y. May 13, 2011)*; Farouk Systems, Inc. v. Eyou Int'l Trading Co., Ltd., et al.,* 10 Civ. 2672 (S.D. Tex. Aug. 2, 2010); *The North Face Apparel Corp., et al. v. Fujian Sharing Import & Export Ltd. Co., et al.,* No. 10 CIV 1630 (S.D.N.Y. Mar. 16, 2010).

##### i) This Court has Already Found that the Requirements for a Preliminary Injunction have Been Satisfied

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank and Trust v. Charter One Fin., Inc.*, 2001 WL 527404, *1 (N.D.Ill. May 15, 2001) (citing *Frederick Atkins, Inc. v. Carson Pirie Scott & Co., Inc.,* 1999 WL 1249342, *1 (N.D. Ill. Dec. 13, 1999)). A temporary restraining order or preliminary injunction may be issued upon a showing: "(1) that there is a reasonable likelihood that Plaintiffs will succeed on the merits; (2) that Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) that the balance of hardships

on the Plaintiff's favor; and (4) that the public interest will not be disserved by the injunction." *Columbia Pictures Industries, Inc. v. Jasso*, 927 F.Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above-mentioned requirements have been satisfied.

### ii) The Equitable Relief Sought Remains Appropriate

The Lanham Act authorizes courts to issue injunctive relief "according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark …" 15 U.S.C. § 1116(a).

#### (1) The Domain Name Transfer Order Remains Appropriate

Deckers seeks a conversion of the TRO entered by this Court on January 27, 2012 allowing Deckers to retain control of the Defendant Domain Names until completion of these proceedings. To prevent the Defendants from further manufacture, importation, distribution, offer for sale, and sale of products bearing counterfeits of the UGG® Trademark and to provide notice to Defendants regarding these proceedings, Deckers respectfully requests that the injunctive relief already awarded be extended through the pendency of this case.

#### (2) The Asset Restraining Order Remains Appropriate

Deckers also requests a conversion of the TRO to a preliminary injunction so that Defendants' U.S. based financial accounts remain frozen. Since entry of the TRO, PayPal has provided Plaintiff with the identification of dozens of accounts linked to the Defendants' websites which were offering for sale and/or selling counterfeit products bearing counterfeits of Deckers' UGG Trademark. In absence of a preliminary injunction, Defendants may attempt to move any assets from any U.S.-based financial account, including PayPal accounts, to an offshore account. Therefore, Defendants' assets should remain frozen for this reason.

The amount of damages to which Deckers is entitled as set forth in the First Amended Complaint far exceeds any amount contained in any of the Defendants' frozen PayPal accounts. For example, Deckers' prayer for relief requests statutory damages in excess of $2 million from each Defendant. In addition and as established in Deckers' TRO Memorandum, many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Deckers Outdoor Corporation v.* Liyanghua et al., No.11 Civ. 7970 (N.D. Ill. Nov. 15, 2011); *Deckers Outdoor Corporation v. Does 1-55,* No. 11 Civ. 10, Docket No. 26 (N.D. Ill. Feb. 3, 2011); *Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2005 WL 3115892 (N.D. Ill. Nov. 8, 2005); *Tory Burch, LLC., et al. v. Yong Sheng Int'l Trade Co., LTD,* No. 10 Civ. 9336 (S.D.N.Y. January 4, 2011); *Farouk Systems, Inc. v. Eyou Int'l Trading Co., Ltd., et al.,* No. 4:10 CV 2672 (S.D. Tex. Aug. 2, 2010); *The North Face Apparel Corp., et al. v. Fujian Sharing Import & Export Ltd. Co., et al.,* No. 10 CIV 1630 (S.D.N.Y. Mar. 16, 2010); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995). As such, an order continuing to freeze the Defendants' assets should be granted.

## IV.  CONCLUSION

In view of the foregoing, Deckers respectfully requests this Court enter a preliminary injunction.

Dated this 2nd day of February 2012.

                                        Respectfully submitted,

                                        __/s/ Justin R. Gaudio_____
                                        Kevin W. Guynn
                                        Amy Ziegler
                                        Justin R. Gaudio
                                        Greer, Burns & Crain, Ltd.
                                        300 South Wacker Drive
                                        Suite 2500
                                        Chicago, Illinois 60606
                                        312.360.0080
                                        312.360.9315 (facsimile)
                                        kguynn@gbclaw.net
                                        aziegler@gbclaw.net
                                        jgaudio@gbclaw.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of February, 2012, I will electronically file the foregoing with the Clerk of the Court, using the CM/ECF system and that I will e-mail the documents to all Defendants at the e-mail addresses identified in Schedule A to Decker's Complaint.

        Greer, Burns & Crain Ltd.
        Attorneys for Plaintiff Deckers,

        _____/s/ Justin R. Gaudio_____
        Kevin W. Guynn
        Amy Ziegler
        Justin R. Gaudio
        Greer, Burns & Crain, Ltd.
        300 South Wacker Drive, Suite 2500
        Chicago, Illinois 60606
        312.360.0080
        312.360.9315 (facsimile)
        kguynn@gbclaw.net
        aziegler@gbclaw.net
        jgaudio@gbclaw.net