**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1-100 and DOES 101-500,<br><br>Defendants. | Case No. 12-cv-00377<br><br>**Honorable Ronald A. Guzman**<br><br>**Magistrate Sheila M. Finnegan** |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT AND FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff Deckers Outdoor Corporation ("Deckers") submits the following memorandum in support of its Motion for Entry of Default and Entry of Default Judgment under Fed.R.Civ.P. 55 against the defendants, DOES 1-100, d/b/a the aliases identified on Schedule "A" to Deckers' Complaint (collectively "the Defendants") based on Deckers' action for trademark infringement and counterfeiting.

## STATEMENT OF FACTS

Deckers is famous throughout the United States and elsewhere as a source of high quality footwear products, including the UGG® brand of premium sheepskin footwear. Complaint, Docket Entry 1 at ¶ 4. Deckers holds registrations for the UGG Trademark (and stylized variations) in more than 100 countries around the world including U.S. Trademark Registration No. 3,050,925. *Id*. at ¶ 6. Additional factual assertions regarding Deckers in Paragraphs 4 – 7 of the Complaint are incorporated herein. *Id*. at ¶¶ 4 – 7. *See also*, Adopted Report and Recommendation regarding motion by Deckers Outdoor Corporation for preliminary injunction, Docket Entries 27, 34 and 36.

On information and belief, Defendants are an interrelated group of counterfeiters acting in active concert or copying from each other and are knowingly and willfully manufacturing, importing, distributing, offering for sale and selling products bearing counterfeit versions of the UGG Trademark to Illinois residents. *Id*. at ¶ 9. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive commercial websites operating under the domain names identified in Schedule A attached to the Complaint (collectively the "Defendant Domain Names)." *Id*. Each Defendant targets Illinois residents and has offered to sell, and on information and belief, has sold and continues to sell his/her counterfeit products to consumers within the State of Illinois. *Id*. Additional factual assertions regarding Defendants in Paragraphs 9 – 17 of the Complaint are incorporated herein. *Id*. at ¶¶ 9 – 17.

Deckers filed this action on January 18, 2012, alleging federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), cyberpiracy (Count III) and violation of the Illinois Uniform Trade Practices Act (Count IV) and seeks statutory damages and

injunctive relief. (Docket Entry 5). On January 27, 2012, the Court granted Deckers' *ex parte* Application for Entry of a temporary restraining order and subsequently converted it into a preliminary injunction. (Docket Entries 14, 20, 30, 34 and 36).

On February 28, 2012, this Court entered an Order (Docket Entry 44) permitting Deckers to complete service of process to Defendants by (1) sending a copy of the Complaint via electronic mail at the e-mail addresses identified in Schedule A to Deckers' Complaint; (2) electronic publication of the Complaint on a website at the Defendant Domain Names which have been transferred to Deckers' control; and (3) publication of sections 1-3 of this Order in *China Industry & Commerce News* or a comparable Chinese based publication in English or in mandarin language. The Defendants were properly served by all three methods on or before March 2, 2012. (Docket Entry 45). None of the Defendants has entered an appearance or otherwise defended this action. (*See* Declaration of Justin Gaudio (the "Gaudio Declaration") at ¶ 2).

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Deckers now moves this Court for an Order entering default and default judgment finding that Defendants are liable on all counts of Deckers' Complaint. Fed.R.Civ.P. 55(b)(2). Deckers further seeks an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the 100 Defendants[1] in the amount of up to $2,000,000 per Defendant for use of a counterfeit UGG Trademark on products sold through each of the Defendant Domain Names and statutory damages of up to $100,000 for each of the 1,228[2] Defendant Domain Names that incorporate Deckers' UGG Trademark pursuant to 15 U.S.C. §1117(d). Deckers also seeks entry of a permanent injunction prohibiting Defendants from selling products containing counterfeit

---

[1] Deckers is counting each unique registrant e-mail address as a separate Defendant. *See* Schedule A.

[2] See Gaudio Declaration at ¶ 3.

UGG marks, an Order that domain names used by Defendants to sell products containing counterfeit UGG marks be permanantly transferred to Deckers, and that all assets in Defendants' financial accounts operated by PayPal, Inc. be transferred to Deckers.

## ARGUMENT

## I.      JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a), (b) and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.  Venue is proper in this Court pursuant 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Deckers' business within this Judicial District.  *See* Complaint at ¶¶ 2, 4, 8, 9 and 11 – 17; *uBID, Inc. v. GoDaddy Group, Inc.* 623 F.3d 421, 423-424 (7th Cir. 2010) (Without the benefit of an evidentiary hearing, the plaintiff bears only the burden of making a prima facie case for personal jurisdiction and all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).  Through at least the fully interactive commercial Internet websites operating under the Defendant Domain Names, each of the Defendants has targeted and solicited sales from Illinois residents by operating English language websites that offer shipping to Illinois, accept payment in U.S. dollars and, on information and belief, have sold counterfeit UGG products to residents of Illinois.  As such, personal jurisdiction is proper since each of the Defendants is committing tortious acts in Illinois, is engaging in interstate

4

commerce and has wrongfully caused Deckers substantial injury in the State of Illinois. *See Deckers Outdoor Corporation v. Does, 1-55*, No. 11 Civ. 10 (N.D. Ill. October 14, 2011).

## II.     DECKERS HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed.R.Civ.P 55(a). Deckers filed its Complaint alleging federal trademark infringement and counterfeiting, 15 U.S.C. §§ 1114 (Count I), false designation of origin, 15 U.S.C. §§ 1125(a) (Count II), cyberpiracy, 15 U.S.C. § 1125(d) (Count III) and violation of the Illinois Uniform Trade Practices Act, 815 ILCS § 510 (Count IV). (Docket Entry 1). The Defendants were properly served on March 2, 2012. (Docket Entry 45). Despite having been served with process, the Defendants have ignored these proceedings and failed to plead or otherwise defend this action. (Gaudio Declaration at ¶ 2). Upon information and belief, Defendants are not active-duty members of the U.S. armed forces. (*Id.* at ¶ 4). Accordingly, Deckers asks for entry of default against Defendants.

## III.    DECKERS HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that Defendants are liable to Plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the Complaint are taken as true and may not be challenged and the defendants are

liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, on March 2, 2012, Deckers served Defendants, more than 21 days have passed since Defendants were served, and no answer or other responsive pleading has been filed. *See* Fed.R.Civ.P. 15(1)(3). Accordingly, default judgment is appropriate and Deckers requests an award of up to the maximum statutory damages authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the 100 Defendants in the amount of up to $2,000,000 per Defendant ($200,000,000 total) for use of a counterfeit UGG Trademark on products sold through the Defendant Domain Names and up to $100,000 for each of the 1,228 Defendant Domain Names[3] that incorporate Deckers' UGG Trademark pursuant to 15 U.S.C. §1117(d) ($122,800,000 total). Deckers also seeks entry of a permanent injunction prohibiting Defendants from selling products containing counterfeit UGG marks, an order that domain names used by Defendants to sell products containing counterfeit UGG marks be permanantly transferred to Deckers, and that all assets in Defendants' financial accounts operated by PayPal, Inc. be transferred to Deckers.

### A. Trademark Infringement and Counterfeiting

To properly plead a claim of trademark infringement and counterfeiting pursuant to the Lanham Act, a plaintiff must allege that (1) its mark is distinctive enough to be worthy of protection, (2) Defendants are not authorized to use its mark; and (3) Defendants' use of its mark causes a likelihood of confusion as to the origin or sponsorship of Defendants' products. *See Neopost Indus. B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (citing *Bliss Salon Day Spa v. Bliss World LLC,* 268 F.3d 494, 496-97 (7th Cir.2001)).

---

[3] *See* Gaudio Declaration at ¶ 3, list of the 1,228 Defendant Domain Names that incorporate the UGG Trademark.

Deckers' Complaint alleges that its marks are highly distinctive, that Defendants are not authorized to use the Deckers marks, and that Defendants' use of the Deckers marks causes a likelihood of confusion. Complaint at ¶¶ 20 and 21. Since the Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Deckers' Complaint as true. *See* Fed.R.Civ.P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008) (*See also Hotel Employees and Rest. Employees Int'l Union Welfare Fund v. Billy's 1870 d/b/a Billy's Rest.,* 2004 WL 1879986, *1 (N.D. Ill. 2004) ("If a party fails to plead or otherwise defend against a claim for affirmative relief in accordance with the Federal Rules, that party is in default. Upon entry of default, all factual allegations contained within the complaint are deemed admitted.")) Accordingly, Deckers requests entry of judgment with respect to Count 1 for willful infringement of the UGG Trademark.

### B. False Designation of Origin

A plaintiff bringing a false designation of origin claim under 15 U.S.C. § 1125(a) must allege: (1) defendants used a false designation of origin, (2) defendants' use of the products was in interstate commerce, and (3) the likelihood that consumers will be confused by defendants' false designation of origin. *Web Printing Controls Co., Inc. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1204 (7th Cir. 1990). The test to be used in determining whether a violation has occurred is whether "the evidence indicates a likelihood of confusion, deception or mistake on the part of the consuming public." *Id.* at 1205. This is the same test that is used for bringing a trademark infringement claim under the Lanham Act. *See Neopost Indus. B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005).

Deckers alleges in its Complaint that Defendants' counterfeit products are the same nature and type, and look virtually identical to Deckers' UGG products, but Defendants' counterfeit products are not of the same quality as Deckers' UGG products. As such, this creates a likelihood of confusion, mistake, and deception among the general public as to the affiliation or sponsorship of Defendants' counterfeit products with Deckers' genuine UGG products. Complaint at ¶ 26. Furthermore, by using a counterfeit of Deckers' UGG Trademark on the counterfeit products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit products. *Id.* at ¶ 27. As such, Deckers requests entry of judgment with respect to Count 2 for willful false designation of origin.

### C. Cybersquatting

In order to state a claim under the Anticybersquatting Consumer Protection Act, a plaintiff must allege that (1) it had a distinctive or famous mark at the time the domain names were registered, (2) the defendants registered, trafficked in, or used domain names that are identical or confusingly similar to plaintiff's mark, and (3) the defendants had a bad faith intent to profit from that mark. 15 U.S.C. § 1125(D)(1)(a); *see also Vulcan Golf, LLC v. Google, Inc.,* 552 F. Supp. 2d 752, 763 (N.D. Ill. 2008).

Deckers' Complaint alleges that Deckers owns the exclusive rights to the UGG Trademark, which is in full force and effect, and is a famous mark pursuant to 15 U.S.C. § 1125. Complaint at ¶ 31. Deckers further alleges that Defendants have acted with the bad faith intent to profit from the UGG Trademark and the goodwill associated with the UGG Trademark by registering domain names that are identical or confusingly similar to or dilutive of the UGG

Trademark. *Id.* at ¶ 32. As such, Deckers requests entry of judgment with respect to Count 3 for willful cybersquatting.

### D. Violation of the Illinois Uniform Deceptive Trade Practices Act

In Illinois, courts resolve unfair competition and deceptive trade practices claims "according to the principles set forth in the Lanham Act." *Spex, Inc. v. The Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D. Ill. 1994). Illinois courts look to federal case law and apply the same analysis to state infringement claims. *Spex*, 847 F. Supp. at 579 (citing *Thompson v. Spring-Green Lawn Care Corp.*, 126 Ill. App. 3d 99, 104-105 (Ill. App. Ct. 1984)). As such, the determination as to whether there is a likelihood of confusion under the Illinois Uniform Deceptive Trade Practices Act is similar to the Latham Act analysis. *Am. Broad. Co. v. Maljack Prod., Inc.*, 34 F. Supp. 2d 665, 681 (N.D. Ill. 1998).

Deckers alleged in its Complaint that Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their products as those of Deckers, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to affiliation, connection, or association with Deckers' products, representing that their products have Deckers' approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public. Complaint at ¶ 37. Deckers requests entry of judgment with respect to Count 4 for willful violation of the Illinois Uniform Deceptive Trade Practices Act.


## IV. DECKERS IS ENTITLED TO MONETARY AND INJUNCTIVE RELIEF

Pursuant to Rule 55(b)(2), Plaintiff requests statutory damages under 15 U.S.C. §1117 and injunctive relief as specified below and in the separately submitted Proposed Order.

### A. The Court Should Award the Maximum Statutory Damages Permitted Under the Lanham Act for Defendants' Willful Trademark Counterfeiting

As discussed above, Defendants willfully infringed Deckers' UGG Trademark by selling, offering for sale, and distributing products bearing counterfeit UGG trademarks. Such willfulness is further established by Defendants' failure to respond to these proceedings. Under the Lanham Act, Deckers moves for statutory damages for willful trademark counterfeiting in an amount up to $2,000,000 for each use of a counterfeit mark from each of the 101 Defendants. 15 U.S.C. § 1117(c)(2). Deckers also moves for statutory damages pursuant to 15 U.S.C. § 1117(d) on the grounds that Defendants violated Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d). As such, Deckers seeks statutory damages of up to $100,000 for each of the 1,228 Defendant Domain Names that incorporate Deckers' UGG Trademark.

"Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co. v. S&M Cent. Service Corp.,* 2004 WL 2534378, *7 (N.D. Ill. 2004). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id.* Willful infringement may be shown by the fact that the "defendant ignored the plaintiff's notices ..., did not seek advice of an attorney, and passed the matter off as a nuisance." *Id.* Moreover, the Seventh Circuit has long held that willful blindness is a sufficient basis for a finding of violation of the Lanham Act. *Hard Rock Café Licensing Corp. v. Concession Serv., Inc.,* 955 F.2d 1143, 1148 (7th Cir. 1992) (citing *Louis Vuitton S.A. v. Lee,* 875 F.2d 584, 590 (7th Cir. 1989)). In addition, district courts have deemed infringement willful when defendants default. *See Deckers Outdoor Corporation v. Does, 1-55*, No. 11 Civ. 10 (N.D. Ill. October 14, 2011); *The Gen. Council of the Assemblies of God v. The Ranger Supply Store,*

10

*Inc. et al.,* No. 10-cv-07050 (N.D. Ill June 29, 2011); *see also Tiffany (NJ) Inc. v. Luban,* 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003).

The awarding of statutory damages serves dual interests in that it is remedial in nature, but also intended to protect an important public interest. As such, the remedy imposed under statute must provide sufficient deterrent effect to ensure that the guilty party will not engage in further infringing conduct. *Sands, Taylor & Wood v. The Quaker Oats Co.,* 34 F.3d 1340, 1348 (7th Cir. 1994). Statutory damages are appropriate to "penalize the infringer and deter future violations" when the infringement is willful. *Lorillard Tobacco Co.,* 2004 WL 2534378 at *4 (quoting *Chi-Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1230 (7th Cir. 1991)).

Courts have wide latitude in awarding statutory damages and have granted other plaintiffs significant statutory damages including up to the maximum statutory amount in similar actions against Internet-based counterfeiters. *See, e.g., Deckers Outdoor Corporation v. Does, 1-55*, No. 11 Civ. 10 (N.D. Ill. October 14, 2011) (awarding $43,750,000 in statutory damages); *The Gen. Council of the Assemblies of God v. The Ranger Supply Store, Inc. et al.,* No. 10 Civ. 07050 (N.D. Ill June 29, 2011) (awarding $4,500,000 in statutory damages); *Tory Burch, LLC., et al. v. Yong Sheng Int'l Trade Co., LTD,* No. 10 Civ. 9336 (S.D.N.Y. May 13, 2011) (awarding $164,000,000 in statutory damages)*; Farouk Systems, Inc. v. Eyou Int'l Trading Company, Ltd., et al.,* No. 10 Civ. 2672 (S.D. Tex. Oct. 14, 2010) (awarding $300,000,000 in statutory damages); *The North Face Apparel Corp. and PRL USA Holdings, Inc. v. Fujian Sharing Import & Export Ltd., Co. d/b/a b2bsharing.com,* No. 10 Civ. 1630 (S.D.N.Y. Sept. 8, 2010) (awarding $78,000,000 in statutory damages); *Gucci Am., Inc. v. Curveal Fashion,* No. 09 Civ. 8458 (S.D.N.Y. Jan. 20, 2010) (awarding $13,500,000 in statutory damages).

Deckers respectfully requests entry of judgment against each of the 101 Defendants in the amount of up to $2,000,000 ($200,000,000 total) for use of a counterfeit UGG trademark on products sold though websites linked to the Defendant Domain Names and up to $100,000 for each of the 1,228 Defendant Domain Names that incorporate Deckers' UGG Trademark ($122,800,000 total). Deckers submits that in light of the Defendants' extensive counterfeiting activities which generated and continue to generate massive profits, as well as their efforts to conceal their identities and failure to appear in this action to answer for their infringing conduct, the amount of statutory damages sought is appropriate. Further, a statutory award in the amount sought by Deckers is essential to creating a deterrent to both these Defendants and to future counterfeiters.

**B. Deckers is Entitled to Permanent Injunctive Relief**

In addition to the foregoing relief, Deckers respectfully requests entry of a permanent injunction enjoining Defendants from infringing or otherwise violating Deckers' registered trademark rights in the UGG mark, including at least all injunctive relief previously awarded by this Court to Deckers in the temporary restraining order and preliminary injunction.

<u>**CONCLUSION**</u>

Deckers respectfully requests that the Court enter default and default judgment against each Defendant, awarding statutory damages in the amount up to $200,000,000 pursuant to 15 U.S.C. § 1117(c) and up to $122,800,000 pursuant to 15 U.S.C. 1117(d), entry of a permanent injunction prohibiting Defendants from selling products bearing a counterfeit UGG mark, an order that domain names used by Defendants to sell products bearing a counterfeit UGG mark be permanently transferred to Deckers and that all assets in Defendants' financial accounts operated by PayPal, Inc. be transferred to Deckers.

Dated this 26th day of March 2012.


                                  Respectfully submitted,


                                  __/s/ Justin R. Gaudio_____
                                  Kevin W. Guynn
                                  Amy Ziegler
                                  Justin R. Gaudio
                                  Greer, Burns & Crain, Ltd.
                                  300 South Wacker Drive
                                  Suite 2500
                                  Chicago, Illinois 60606
                                  312.360.0080
                                  312.360.9315 (facsimile)
                                  jgaudio@gbclaw.net
                                  kguynn@gbclaw.net
                                  aziegler@gbclaw.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of March, 2012, I will electronically file the foregoing with the Clerk of the Court, using the CM/ECF system and that I will e-mail the documents to all Defendants at the e-mail addresses identified in Schedule A to Deckers' Complaint.

Greer, Burns & Crain Ltd.
Attorneys for Plaintiff Deckers,

  /s/ Justin R. Gaudio
Kevin W. Guynn
Amy Ziegler
Justin R. Gaudio
Greer, Burns & Crain, Ltd.
300 South Wacker Drive
Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
jgaudio@gbclaw.net
kguynn@gbclaw.net
aziegler@gbclaw.net