**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| DECKERS OUTDOOR CORPORATION, | ) ) ) | Case No. 12-cv-00377 |
| Plaintiff, | ) ) ) | **Honorable Ronald A. Guzman** |
| v. | ) ) | **Magistrate Sheila M. Finnegan** |
| DOES 1-100 and DOES 101-500, | ) ) ) |  |
| Defendants. | ) ) ) ) |  |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR CONTEMPT
AND TO DISABLE NEWLY DISCOVERED WEBSITES**

Plaintiff Deckers Outdoor Corporation ("Deckers") submits the following memorandum in support of its Motion for Contempt against the defendants DOES 1-100 d/b/a the aliases identified on Schedule "A" to Deckers' Complaint (collectively "the Defendants") based on Deckers' action for trademark infringement and counterfeiting.

**STATEMENT OF FACTS**

Deckers filed this action on January 18, 2012, alleging federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), cyberpiracy (Count III) and violation of the Illinois Uniform Trade Practices Act (Count IV) based on sales counterfeit UGG products over Internet websites. (Docket Entry 5). On January 27, 2012, the Court granted Deckers' *ex parte* Application for Entry of a temporary restraining order and subsequently converted it into a preliminary injunction. (Docket Entries 14, 20, 30, 34 and 36). On April 11, 2012, this Court entered default judgment awarding damages and a permanent injunction (the "Order") against Defendants enjoining them from further sales of counterfeit UGG products. (Docket Entry 51). The Order, among other things, also transferred permanent control of the Defendant Domain Names to Deckers and awarded Deckers all funds in frozen PayPal accounts as partial payment of damages awarded by this Court. *Id*.

Deckers has since identified additional Defendant Domain Names attached hereto as Schedule A1 (the "New Defendant Domain Names") which Defendants are using to continue their sale of counterfeit UGG products in defiance of this Court's Order. *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration"), at ¶ 2. Deckers respectfully requests that this Court enter an Order transferring control of the New Defendant Domain Names to Deckers so that they can be disabled. Identical relief against other domain names operated by Defendants and linked to websites selling counterfeit UGG products has already been granted by this Court. In addition, it is clear the each of the New Defendant Domain Names is owned and operated by one of the Defendants because the unique registration email address for each of the newly discovered infringing domain names is identical to a registrant email address listed in Schedule A to the Complaint. A chart linking each of the New Defendant Domain Names with a registrant email

address listed in Schedule A is attached to the Gaudio Declaration as Exhibit 3. Gaudio Declaration at ¶ 3. As such, Deckers respectfully requests that this Court enter an order transferring the New Defendant Domain Names to Deckers control so they can be shut down to prevent further counterfeit UGG sales.

## ARGUMENT

Civil contempt proceedings arise under 18 U.S.C. § 401(3), which states in pertinent part: "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as ... [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." "The purpose of a civil contempt proceeding is either enforcement of a prior court order or compensation for losses suffered as a result of non-compliance with that order." *TMT N. Am., Inc., v. Magic Touch GmbH,* 57 F.Supp.2d 586, 589 (N.D.Ill.1999) (quoting *883 *Miller v. LeSea Broad., Inc.,* 927 F.Supp. 1148, 1149–50 (E.D.Wis.1996)). The complaining party must prove by clear and convincing evidence that the opposing party violated a court order. *Stotler & Co. v. Able,* 870 F.2d 1158, 1163 (7th Cir.1989). To hold a party in contempt, this Court "must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party in contempt violated." *Ferrell v. Pierce,* 785 F.2d 1372, 1378 (7th Cir.1986). The court need not find that the violation was "willful" to find civil contempt. *Commodity Futures Trading Comm'n v. Premex, Inc.,* 655 F.2d 779, 784 n. 9 (7th Cir.1981). Rather, the court may find a party in contempt if it has not been "reasonably diligent and energetic in attempting to accomplish what was ordered." *Am. Fletcher Mortgage Co. v. Bass,* 688 F.2d 513, 517 (7th Cir.1982) (quoting *Powell v. Ward,* 643 F.2d 924, 931 (2d Cir.1981)).

Despite entry a permanent injunction in the Order, Defendants continue promoting, advertising, distributing, offering for sale and selling counterfeit products, including boots bearing counterfeit versions of Deckers' UGG Trademark, through various fully interactive commercial Internet websites operating under the New Defendant Domain Names listed in Schedule A1. Gaudio Declaration at ¶ 4. Like the original Defendant Domain Names, Defendants continue to facilitate sales by operating websites at the New Defendant Domain Names so that they appear to unknowing consumers to be authorized online retailers selling genuine UGG products. *Id.* at ¶¶ 2 and 4. The websites are sophisticated-looking and most are written in English and accept U.S. dollars. *Id.* Many of the New Defendant Domain Names also incorporate Deckers' UGG trademark and include Deckers' copyright-protected images and product descriptions, making it very difficult for a consumer to distinguish such sites from an authorized retailer. *Id*. Deckers has not licensed or authorized Defendants to use its UGG mark and none of the Defendants are authorized resellers of UGG products. *Id.* In similar cases, courts have entered injunctions against online counterfeiters that continued to operate websites selling counterfeit products after a permanent injunction has been issued. *See Tory Burch, LLC., et al. v. Yong Sheng Int'l Trade Co., LTD,* No. 10-Civ-9336 (S.D.N.Y. December 14, 2011, January 1, 2012 and April 11, 2012); *The National Football League and NFL Properties* LLC v. Chen Cheng, et al., No. 11-Civ-0344 (S.D.N.Y. March 24, 2011); *The North Face Apparel Corp. and PRL USA Holdings, Inc. v. Fujian Sharing*, No. 10-Civ-1630 (S.D.N.Y. March 2, 2010). In each of these cases, the court granted relief allowing plaintiffs to shut down newly discovered domain names and recover assets linked to counterfeit websites.

## **CONCLUSION**

Deckers respectfully requests that the Court enter the proposed Order transferring control of the New Defendant Domain Names to Deckers so that they can be disabled to prevent further counterfeit UGG sales.

Dated this 17th day of May 2012.     Respectfully submitted,

    /s/ Justin R. Gaudio
Kevin W. Guynn
Amy Ziegler
Justin R. Gaudio
Greer, Burns & Crain, Ltd.
300 South Wacker Drive
Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
jgaudio@gbclaw.net
kguynn@gbclaw.net
aziegler@gbclaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of May, 2012, I will electronically file the foregoing with the Clerk of the Court, using the CM/ECF system and that I will e-mail the documents to all Defendants at the e-mail addresses identified in Schedule A to Deckers' Complaint.

        Greer, Burns & Crain Ltd.
        Attorneys for Plaintiff Deckers,

        __/s/ Justin R. Gaudio_____
        Kevin W. Guynn
        Amy Ziegler
        Justin R. Gaudio
        Greer, Burns & Crain, Ltd.
        300 South Wacker Drive
        Suite 2500
        Chicago, Illinois 60606
        312.360.0080
        312.360.9315 (facsimile)
        jgaudio@gbclaw.net
        kguynn@gbclaw.net
        aziegler@gbclaw.net